**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
Nevada Bar Number: 009210
josht@hoflandlaw.com
228 South 4th Street, 1st Floor
Las Vegas, Nevada 89101
(702) 895-6760
Attorneys for Plaintiff Gabriel L. Grasso, Esq.,
d/b/a/ as Gabriel L. Grasso, P.C.

UNITED STATES DISTRICT COURT
DISTRICT NEVADA

| | |
|---|---|
| GABRIEL L. GRASSO, ESQ., an Individual; doing business as GABRIEL L. GRASSO, P.C., a Nevada Corporation<br><br>Plaintiff,<br><br>vs.<br><br>YALE L. GALANTER, ESQ. an Individual; doing business as YALE L. GALANTER, P.A., a Florida Corporation; and , DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:12-cv-00738-GMN-NJK<br><br>**AMENDED COMPLAINT** |

COMES NOW Plaintiffs, GABRIEL L. GRASSO, P.C., a Nevada Corporation; and GABRIEL L. GRASSO, ESQ., an Individual; by and through their attorney of record, Joshua Tomsheck, Esq. of the law firm of Hofland & Tomsheck, and hereby complains and alleges against Defendants, YALE L. GALANTER, P.A., a Florida Corporation; and YALE L. GALANTER, ESQ., an Individual; as follows:

///

1

**PARTIES**

1.  At all times relevant hereto, Plaintiff GABRIEL L. GRASSO, ESQ., an Individual, (hereinafter referred to as "Grasso" or collectively with Grasso, P.C., a Corporation, as "Plaintiff Grasso"), was a resident of the County of Clark, State of Nevada.

2.  At all times relevant hereto, Plaintiff GABRIEL L. GRASSO, P.C., (hereinafter referred to as "Grasso, P.C.," or collectively with Grasso, an Individual, as "Plaintiff Grasso"), was a Nevada Corporation with its principal place of business in the County of Clark, State of Nevada.

3.  At all times relevant hereto, Defendant YALE L. GALANTER, ESQ., an Individual, (hereinafter referred to as "Galanter" or collectively with Galanter, P.A., a Corporation, as "Defendant Galanter"), was a resident of the State of Florida.

4.  At all times relevant hereto, Defendant YALE L. GALANTER, P.A., (hereinafter referred to as "Galanter, P.A.," or collectively with Galanter, an Individual, as "Defendant Galanter"), was a Florida Corporation with its principal place of business in the State of Florida.

5.  That the true names and capacities, whether individual, corporate, associate or otherwise of Defendants, DOES I through X and ROES I through X, inclusive, are unknown to Plaintiff, who, therefore, sues Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendants designated as DOES I through X and ROES I through X are responsible in some manner for the events and happenings referred to and caused damages to Plaintiff as herein

2

1  alleged. Plaintiffs will ask leave of Court to amend the Complaint to insert the true
2  names and/or capacities of such fictitiously named Defendants when the same has been
3  ascertained.  Plaintiff is informed and believes, and thereupon alleges those Defendant
4  DOES I through X and ROES I through X, inclusive, and each of them are citizens
5  Nevada and/or conduct business within Nevada.

6. At all times mentioned herein, Defendants and each of them were the agents, servants, or employee of each other and were acting within the course and scope of this agency of employment, with the permission, authorization, and/or consent of remaining Co-Defendants.  Further, Defendants and each of them were partners, associates, joint ventures, and/or Co-Conspirators of all remaining Co-Defendants.

7. This Court is the proper court for trial and is the proper place for this suit to be brought as the Agreement which is the subject of this suit was made for the rendering of legal services for a Clark County, Nevada District Court Case. Further, the transaction and occurrences sued upon were entered into and took place in Clark County, Nevada.

**GENERAL ALLEGATIONS**

8. Plaintiffs repeat and reallege Paragraphs 1 through 7 of this Complaint as though fully set forth herein and further complain and allege as follows:

9. On or about September, 2007, Defendant Galanter and Plaintiff Grasso entered into an agreement regarding the legal representation of criminal Defendant Orenthal J. Simpson (hereinafter "Simpson") in a criminal case (hereinafter "Case").

/ / /

3

10. Plaintiff Grasso is a well-known and experienced criminal defense attorney licensed in the State of Florida and the State of Nevada. Plaintiff Grasso's primary place of business is in Las Vegas, Clark County, Nevada.

11. Defendant Galanter is a criminal defense attorney licensed in the State of Florida. Defendant Galanter's primary place of business is in the State of Florida.

12. In September of 2007, Simpson was arrested, and criminally charged, for multiple felony counts in Las Vegas, Clark County, Nevada.

13. Defendant Galanter and Plaintiff Grasso agreed to associate as counsel to Defend Simpson in the Case. Plaintiff Grasso was to perform local counsel duties, as Defendant Galanter is not licensed in Nevada, in addition to trial preparation and trial counsel duties.

14. In exchange for these services, Defendant Galanter clearly and unambiguously agreed to pay Plaintiff Grasso $250,000.00, which represented one third of the $750,000.00 fee he had charged for defending Simpson in the Case.

15. Over the course of preparation of Simpson's defense for trial in the Case, Defendant Galanter failed to remit any payment towards the $250,000.00 fee owed Plaintiff Grasso.

16. Plaintiff Grasso prepared diligently for Simpson's Case and spent literally hundreds of hours preparing Simpson's defense. This work commenced upon associating with Defendant Galanter to defend Simpson. Because he was familiar with Nevada law, and physically located in Clark County, Nevada, Plaintiff Grasso completed the vast majority of the pre-trial work in the Case, including the receipt and

4

review of all discovery provided by law enforcement, and the drafting and filing of all pre-trial Motions. Plaintiff Grasso, at all times, maintained the physical file for the case in his office, in Nevada.

17. Because of the massive effort necessary to defend Simpson from the charges he was facing, Grasso was forced to hire additional staff and incur large amounts of costs related solely to defending Simpson in the Case.

18. Plaintiff Grasso repeatedly asked Defendant Galanter about the status of payment for fees and costs associated with the Case over course of the representation of Simpson.

19. Defendant Galanter repeatedly advised Plaintiff Grasso that he had not been paid any fees or provided with any payment towards accrued costs because Simpson had made no payments to him for representation.

20. On September 17, 2008, Defendant Galanter remitted his first, and only, payment to Plaintiff Grasso, a $15,000.00 payment to cover a small portion of the costs incurred by Plaintiff Grasso related to defending Simpson in the Case. This amount covered a small fraction of the actual costs accrued and was disbursed within a matter of days.

21. Defendant Galanter failed to reimburse Plaintiff Grasso for costs expended in support of Simpson's defense after the initial $15,000.00 trust balance was exhausted.

22. The trial in the Case lasted from September 15, 2008, until October 3, 2008. A substantive jury trial questionnaire was prepared and required the review of hundreds of documents in furtherance of selecting the jury venire. Because of the

5

publicity surrounding the Case, voir dire was extensive and time consuming. During Trial, approximately 22 witnesses were called and examined and jury instructions were prepared and litigated. Additionally, multiple post-trial motions were filed and litigated. Finally, a comprehensive sentencing memorandum was prepared and submitted to the court and sentencing was conducted. Throughout the entirety of this process, Defendant Galanter made no additional payments to Plaintiff Grasso.

23. On or about March 30, 2009, Plaintiff Grasso learned that Defendant Galanter had, in fact, been paid funds in the approximate amount of $500,000.00 from Simpson and/or his representatives, for legal fees on the Case. None of these fees had been provided to Plaintiff Grasso.

24. When confronted with this fact, on or about April 9, 2009, Defendant Galanter advised Plaintiff Grasso that he was ending their professional relationship and that Plaintiff Grasso would be paid nothing for his services.

25. Plaintiff Grasso expended in excess of 1,000 hours of legal representation during the investigation, researching, motion drafting, trial preparation, trial sentencing preparation and the initial stages of appellate preparation related to the Case.

26. Defendant Galanter contracted with Plaintiff Grasso and agreed to pay Plaintiff Grasso, both legal fees and costs, for professional services rendered on the Case.

27. In spite of repeated verbal demands and written demand to Defendant Galanter, he has wrongfully refused to pay Plaintiff Grasso the fees and costs accrued and expanded on this Case.

/ / /

28. It has been necessary for Plaintiff Grasso to retain the services of counsel to prosecute this action, and Plaintiff Grasso is thereby entitled to an award of reasonable attorney's fees and costs.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

29. Plaintiff repeats and realleges Paragraphs 1 through 28 of this Complaint as though fully set forth herein and further complains and alleges as follows:

30. Defendant Galanter and Plaintiff Grasso entered into a legal and binding contractual Agreement whereby Defendant Galanter agreed to pay Plaintiff Grasso a flat $250,000.00 legal fee for representation on the Case.

31. Defendant Galanter and Plaintiff Grasso entered into a legal and binding Agreement whereby Defendant Galanter agreed to reimburse Plaintiff Grasso for all costs expended on the Case.

32. Plaintiff Grasso has performed all of the duties and obligations required under the terms of the Agreement between the Parties. To the extent any duties or obligations required of Plaintiff Grasso have not been performed, such duties or obligations have been expressly excused by reason of Defendant Galanter's non-performance of the Agreement.

33. Defendant Galanter has not performed all conditions, covenants and promises required of him in accordance with the Agreement, including without limitation, failure to pay the flat fee of $250,000.00 for legal services due to Plaintiff Grasso.

/ / /

7

34. Defendant Galanter has not performed all conditions, covenants and promises required of him in accordance with the Agreement, including without limitation, failure to reimburse Plaintiff Grasso for all costs expended on the Case.

35. As a direct and proximate result of Defendants Galanter's breach of contract, Plaintiff Grasso has incurred expenses and has suffered, and will continue to suffer, general and foreseeable damages in excess of $10,000.00, exclusive of costs and interest, in an amount to be determined at Trial.

36. It has been necessary for Plaintiff Grasso to retain the services of counsel to prosecute this action, and Plaintiff Grasso is thereby entitled to an award of reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Covenant of Good Faith and Fair Dealing – Contractual Breach)**

37. Plaintiff repeats and realleges Paragraphs 1 through 36 of this Complaint as though fully set forth herein and further complains and alleges as follows:

38. In every contract, including the Agreement between Plaintiff Grasso and Defendant Galanter, there exists in law an implied covenant of good faith and fair dealing.

39. Defendant Galanter and Plaintiff Grasso entered into a legal and binding Agreement whereby Defendant Galanter agreed to pay Plaintiff Grasso a flat fee for legal services on the Case in the amount of $250,000.00.

40. Defendant Galanter and Plaintiff Grasso entered into a legal and binding Agreement whereby Defendant Galanter agreed to reimburse Plaintiff Grasso for all costs expended on the Case.

8

41. Plaintiff Grasso performed all of the duties and obligations required under the terms of the Agreement between the Parties by expending countless hours of service to the investigation, research, preparation, drafting, filing and trial in the Case. To the extent that any duties or obligation required of Plaintiff Grasso have not been performed, such duties or obligations have been expressly excused by reason of Defendant Galanter's non-performance the Agreement.

42. Defendant Galanter has breached his implied covenant of good faith and fair dealing, in a manner which was unfaithful to the purpose and intent of the Agreement, by collecting legal fees from Simpson and/or his representatives, and failing to pay the money due Plaintiff Grasso under the Agreement for fees earned and costs expended on the Case.

43. Defendant Galanter has further breached his implied covenant of good faith and fair dealing, in a manner which was unfaithful to the purpose and intent of the Agreement, by concealing the fact that Simpson and/or his representatives had paid Defendant Galanter approximately $500,000.00 for legal services on the Case, while at the same time withholding payment on the Agreement from Plaintiff Grasso.

44. Defendant Galanter's actions and breach of the covenant of good faith and fair dealing were done intentionally and with malice for the specific purpose of causing harm to Plaintiff Grasso.

/ / /

/ / /

45. As a direct and proximate result of Defendant Galanter's breach of the covenant of good faith and fair dealing, Plaintiff Grasso has incurred expenses and has suffered, and will continue to suffer, general and foreseeable damages in excess of $10,000.00, exclusive of costs and interest, in an amount to be determined at Trial.

46. It has been necessary for Plaintiff Grasso to retain the services of counsel to prosecute this action, and Plaintiff Grasso is thereby entitled to an award of reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### (Money Due and Owing)

47. Plaintiff repeats and realleges Paragraphs 1 through 46 of this Complaint as though fully set forth herein and further complains and alleges as follows:

48. Plaintiff Grasso duly performed all the conditions of the Agreement in a complete and diligent matter, in that Plaintiff Grasso rendered legal services on the Case and made demand for payment to Defendant Galanter.

49. Defendant Galanter has failed and neglected to perform the conditions of the Agreement, in that Defendant Galanter refused to pay Plaintiff Grasso for the monies due and owing for services rendered and costs incurred.

50. As a direct and proximate result of Defendant Galanter's conduct, Plaintiff Grasso has incurred expenses and has suffered, and will continue to suffer, general and foreseeable damages in excess of $10,000.00, exclusive of costs and interest, in an amount to be determined at Trial.

/ / /

51. It has been necessary for Plaintiff Grasso to retain the services of counsel to prosecute this action, and Plaintiff Grasso is thereby entitled to an award of reasonable attorney's fees and costs.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment / Quantum Meruit)

52. Plaintiff repeats and realleges Paragraphs 1 through 51 of this Complaint as though fully set forth herein and further complains and alleges as follows:

53. This court has equitable powers to correct injustice and unjust enrichment.

54. Here, Plaintiff Grasso has performed all of the duties and obligations required of him under the terms of the Agreement between the Parties. Plaintiff Grasso's actions have conferred value upon Defendant Galanter, making them liable for disgorgement of that value in Quantum Meruit.

55. Defendant Galanter has not performed all conditions, covenants and promises required of him in accordance with the Agreement, including without limitation, failure to pay the money due to Plaintiff Grasso from the benefits received by Defendant Galanter for Plaintiff Grasso's work on the Case.

56. Defendant Galanter has unjustly retained the money of Plaintiff Grasso, after receiving the value and benefit of Mr. Grasso's work and services in the Case.

57. Defendant Galanter's retention of the money due and owing Plaintiff Grasso is against the fundamental principles of justice, equity and good conscience.

58. Defendant Galanter's retention of the money due and owing Plaintiff Grasso has deprived Plaintiff Grasso of the reasonable value of the services he performed in the Case.

59. As a direct and proximate result of Defendant Galanter's conduct, Plaintiff Grasso has incurred expenses and has suffered, and will continue to suffer, general and foreseeable damages in excess of $10,000.00, exclusive of costs and interest, in an amount to be determined at Trial.

60. It has been necessary for Plaintiff Grasso to retain the services of counsel to prosecute this action, and Plaintiff Grasso is thereby entitled to an award of reasonable attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
**(Fraudulent or Intentional Misrepresentation)**

61. Plaintiff repeats and realleges Paragraphs 1 through 60 of this Complaint as though fully set forth herein and further complains and alleges as follows:

62. That Defendant Galanter, during the course of his association with Plaintiff Grasso under the terms of the Agreement detailed herein, made false representations to Plaintiff Grasso in order to avoid compliance with his obligations under the Agreement.

63. That the specific misrepresentations include that between September of 2007 and April of 2009, Defendant Galanter repeatedly stated to Plaintiff Grasso that he had not been paid any monies by Simpson and/or his representatives as and for the fees and costs associated with the joint representation of Simpson in the Case.

64. That Defendant Galanter knew at the time he made these statements to Plaintiff Grasso that he had been paid by Simpson and/or his representatives and thus, his statements were false and misleading.

/ / /

65. That Defendant Galanter made these statements to Plaintiff Grasso in order to prevent Plaintiff Grasso from being compensated pursuant to the terms of the Agreement.

66. That Plaintiff Grasso relied on these representations from Defendant Galanter.

67. That Plaintiff Grasso did not discover that these statements were misrepresentations until the end of March, 2009.

68. That the misrepresentations were both express misrepresentations of facts, and also misrepresentations that partially suppressed and/or concealed information.

69. That additional details and particulars of the misrepresentations are solely within the possession of the Defendant Galanter, his agents, servants and/or employees.

70. That Defendant Galanter's conduct was malicious, oppressive and done with a reckless disregard of the rights of Plaintiff Grasso, and that Plaintiff Grasso is entitled to a sum in excess of $10,000.00 and for punitive damages in an attempt to punish and deter the reprehensible conduct of Defendants in the future.

71. That as a direct and proximate result of the negligent, intentional, and/or reckless conduct of Defendant Galanter, it has been necessary for Plaintiff Grasso to retain the services of counsel to prosecute this action, and Plaintiff Grasso is thereby entitled to an award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff(s) prays for Judgment against Defendant(s) as follows:

(1) For general and special damages in the sum in excess of $10,000.00;

(2) For an award of punitive damages in the sum in excess of $10,000.00;

(3)   For an award of attorney's fees and costs;

(4)   For pre and post judgment interest; and

(5)   For such other and further relief as the Court deems just and proper under the circumstances.

DATED this _____ day of _____, 2013.

**HOFLAND & TOMSHECK**


By:_____/s/_____
    Joshua Tomsheck, Esq.
    Nevada Bar Number: 009210
    josht@hoflandlaw.com
    228 South 4th Street, 1st Floor
    Las Vegas, Nevada 89101
    (702) 895-6760
    Attorneys for Plaintiff Gabriel L. Grasso, P.C/
    Gabriel L. Grasso, Esq