# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL L. GRASSO, ESQUIRE, an Individual doing business as GABRIEL L. GRASSO, P.C. a Nevada Corporation,<br><br>                Plaintiff,<br>vs.<br><br>YALE L. GALANTER, ESQUIRE, an Individual doing business as YALE L. GALANTER, P.A., a Florida Corporation, and Does I through X and Roe Corporations I through X Inclusive,<br><br>                Defendants. | Case No.: 2:12-cv-00738-GMN-NJK<br><br>**AMENDED ORDER**<br>**(Amending the last paragraph of the CONCLUSION, due to clerical error.)** |

Pending before the Court is the Motion to Dismiss Plaintiff's Complaint (ECF No. 16) filed by Defendant Yale L. Galanter, Esquire ("Defendant"). Plaintiff Gabriel L. Grasso, Esquire, ("Plaintiff") filed a Response (ECF No. 22) and Defendant filed a Reply (ECF No. 25).

## I. BACKGROUND

In September 2007, the parties entered into a contractual agreement regarding the legal representation of criminal defendant Orenthal J. Simpson ("Simpson") in a criminal case ("Case"). (Compl. ¶ 9.) Defendant and Plaintiff agreed to associate as counsel to defend Simpson in the Case; Plaintiff was to perform local counsel duties, as Defendant is not licensed in Nevada, in addition to trial preparation and trial counsel duties (collectively, "Services"). (Compl. ¶ 13.) In exchange for Plaintiff's Services, Defendant agreed to pay Plaintiff a flat

$250,000.00 legal fee ("Fee"), which represented one third of the $750,000.00 fee Defendant charged Simpson for legal representation in the Case. (Compl. ¶ 14.) Plaintiff claims to have expended in excess of 1,000 hours of Services during the investigation, researching, motion drafting, trial preparation, trial sentencing preparation, and the initial stages of appellate preparation related to the Case. (Compl. ¶ 25.)

From the promised Fee for Simpson's legal representation, Plaintiff received only one $15,000.00 payment from Defendant. (Compl.¶ 20.) This payment covered only a small portion of the Plaintiff's costs. (*Id.*) Throughout the representation, Defendant repeatedly informed Plaintiff that he had not received any payment from Simpson. (Compl. ¶ 23.) However, on or about March 30, 2009, Plaintiff allegedly learned that Simpson had, in fact, provided approximately $500,000.00 to Defendant for legal fees related to the Case. (Compl. ¶ 23.) Despite Plaintiff making numerous verbal demands and a written demand, Defendant failed to make any further payments or reimbursements beyond the initial $15,000.00. (Compl. ¶ 27.)

As a result of Defendant's actions, Plaintiff filed a Complaint in Nevada State Court alleging seven causes of action: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing (contractual breach); (3) Breach of Implied Covenant of Good Faith and Fair Dealing (tortious breach); (4) Money Due and Owing; (5) Unjust Enrichment / Quantum Meruit; (6) Fraudulent or Intentional Misrepresentation; and (7) Constructive Fraud. (Pet. for Removal, 4 ("Compl."), ECF No. 1.) Subsequently, Defendant removed the action to federal court (*Id.*)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp.*

*Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party

questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.   Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) (citing *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001)).

III.   **DISCUSSION**

   A.   **Breach of Contract**

To succeed on a breach of contract claim under the law in Nevada, a plaintiff must show: (1) a valid contract existed; (2) the plaintiff performed or was excused from performance; (3) the defendant breached the terms of the contract; and (4) the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

In the present case, Plaintiff alleges that he entered into a legal and binding contractual agreement ("Agreement") where Defendant agreed to pay Plaintiff a flat $250,000.00 legal fee for Simpson's representation on the Case and to reimburse Plaintiff for all costs expended on the Case. (Compl. ¶¶ 30, 31.)  Plaintiff further asserts that he has performed all duties and obligations required by the Agreement and that he is excused from any existing duties or obligations due to Defendant's non-performance of the Agreement. (Compl. ¶ 32.)  Finally, Plaintiff's Complaint states that Defendant's failure to pay the $250,000.00 fee and Defendant's failure to reimburse Plaintiff's costs constitutes a breach of the Agreement. (Compl. ¶¶ 33, 34.)  Accordingly, Plaintiff has provided sufficient basis from which the Court can conclude that Defendant plausibly breached the alleged agreement.

In his Motion to Dismiss, Defendant argues that this fee-splitting Agreement violates Rule 1.5(e) of the Nevada Rules of Professional Conduct.  A division of a fee between lawyers, who are not in the same firm, is only allowed if (1) the total fee is reasonable, (2) the client agrees to the fee splitting, including the share each lawyer will receive, and (3) the agreement is in writing. Nev. Rules of Prof'l Conduct R. 1.5(e).  As such, Defendant contends that granting relief to Plaintiff would contravene Rule 1.5(e) and frustrate its purpose; the fee-splitting agreement was not in writing and the client did not consent to the fee-splitting agreement. (ECF

No. 16-10.)

Defendant also argues that the Nevada Supreme Court has not decided whether an attorney may recover a fee that was made pursuant to an alleged agreement that violates the requirements of Rule 1.5(e). (*Id.* at 16-10.) To support this proposition, Defendant cites a California Supreme Court case, *Chambers v. Kay*, 56 P.3d 126 (Cal. 2002), and an Illinois case from the Seventh Circuit, *Jack S. Kaplan v. Pavalon & Gifford*, 12 F.3d 87 (7th Cir. 1993), to support his argument. (ECF No. 16-13 and 16-17). However, neither of these cases is controlling authority. Thus, Defendant fails to provide the Court with any controlling legal authority to support his argument. Despite Defendant's assertion otherwise, the Nevada Supreme Court, in *Shimrak v. Garcia-Mendoza*, addressed this issue and indicated that an attorney is not permitted to use his own violation of the ethics rules to shield himself from contractual liability. 912 P.2d 822, 826 (1996) (the Court found it would be inequitable to allow the attorney to benefit from free investigative services because he violated the ethical rules).

For these reasons, Defendant has failed to establish that Plaintiff's Complaint is defective. Therefore, the Court denies Defendant's Motion to Dismiss regarding Plaintiff's breach of contract cause of action.

### B. Breach of the Covenant of Good Faith and Fair Dealing (In Contract and In Tort)

#### 1. Contractual Breach

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada v. Cummins*

*Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).

In the present case, Plaintiff alleges a claim for tortious breach and a claim contractual breach of the covenant of good faith. In his Complaint, Plaintiff asserts that a contractual agreement existed and that Defendant owed an implied duty of good faith to the Plaintiff because of the existence of the Agreement. Plaintiff further alleges that Defendant breached this duty by withholding payment due to Plaintiff and failing to disclose that Simpson had, in fact, paid Defendant. (Compl. ¶¶ 54, 55.) Moreover, Plaintiff asserts that his expectations of being paid and reimbursed for his legal services and costs expended on the Case were denied. Thus, the Court concludes that Plaintiff's Complaint "give[s] [D]efendant fair notice of a legally cognizable claim and the grounds on which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For this reason, the Court denies Defendant's Motion to Dismiss as to Plaintiff's cause of action for Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing.

### 2. Tortious Breach

In contrast to a claim for contractual breach of the covenant, a plaintiff claiming a tortious breach must also allege the existence of a special relationship of reliance or a fiduciary duty. *See A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 10 (Nev. 1989) (per curiam). Furthermore, a tort action for breach of the covenant is limited to "rare and exceptional cases." *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257, 263 (Nev. 1997) (citing *K Mart Corp. v. Ponsock*, 732 P.2d 1364, 1370 (Nev. 1987)). Specifically, tort liability for breach of the good faith covenant is appropriate only where "the party in the superior or entrusted position" has engaged in "grievous and perfidious misconduct." *Id.* at 263 (citation omitted). Moreover, the Nevada Supreme Court has denied tort liability in certain relationships where agreements

have been heavily negotiated and the aggrieved party was highly sophisticated. *Id.* at 263 (citation omitted).

In the present case, Plaintiff merely alleges that Defendant owed Simpson a fiduciary duty, and therefore, Defendant is the caretaker of the fees and costs paid towards Simpson's defense in the Case. (Compl. ¶ 52.)  Plaintiff also asserts that he relied on the fact that Defendant would pay him for the Services rendered and would reimburse him for all costs associated with Simpson's representation.  These allegations are insufficient to plead the plausible existence of the requisite fiduciary relationship between Plaintiff and Defendant. Accordingly, Defendant's Motion to Dismiss this cause of action is GRANTED and Plaintiff's Cause of Action for Tortious Breach of the Covenant of Good Faith and Fair Dealing is DISMISSED.

### C. Money Due and Owing

A district court will grant a motion to dismiss only when the complaint fails to give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.  Nevada courts routinely recognize Plaintiff's Fourth Cause of Action for "Money Due and Owing" as a cognizable claim in Nevada.  *See, e.g.*, *M.C. Multi-Family Dev., L.L.C. v. Crestdale Associates, Ltd.*, 193 P.3d 536, 547 (Nev. 2008); *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008).

In the present case, Plaintiff alleges that he has satisfied all the conditions under the Agreement while, on the other hand, Defendant has not. (Compl. ¶¶ 61, 62.)  Plaintiff alleges that Defendant had an obligation to compensate Plaintiff for the Services rendered in Simpson's legal representation and for the costs Plaintiff incurred for his Services.  Moreover, Plaintiff asserts that Defendant's failure to pay the alleged agreed upon Fee has resulted in Defendant owing money to Plaintiff.  Thus, Plaintiff's Complaint gives legally cognizable notice for why

Defendant owes money to Plaintiff. Therefore, the Court denies Defendant's motion to dismiss regarding Plaintiff's cause of action for Money Due and Owing.

### D. Unjust Enrichment / Quantum Meruit

"An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (per curiam). Thus, the doctrine of unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." *Id.* Unjust enrichment occurs whenever a "person has and retains a benefit which in equity and good conscience belongs to another." *Nevada Indus. Dev. v. Benedetti,* 741 P.2d 802, 804 n.2 (Nev. 1987). The Nevada Supreme Court has observed that the essential elements of unjust enrichment "are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Unionamerica Mtg. v. McDonald,* 626 P.2d 1272, 1273 (Nev. 1981).

Here, Plaintiff's Complaint appears to allege that, if the Court were to find that no valid contract existed between the parties, then Plaintiff would still be entitled to recover under a theory of unjust enrichment. (*See* Compl. ¶¶ 64-72 .) Specifically, Plaintiff alleges that he performed services that "conferred value upon Defendant Galanter, making them liable for disgorgement of that value in Quantum Meruit." (Compl. ¶ 66.) Plaintiff further alleges that "Defendant Galanter has unjustly retained the money of Plaintiff Grasso, after receiving the value and benefit of Mr. Grasso's work and services in the Case." (Compl. ¶ 68.) Accordingly, the Court finds Plaintiff has adequately pleaded a claim for unjust enrichment. Thus, the Court denies Defendant's Motion to Dismiss Plaintiff's Fifth Cause of Action for Unjust Enrichment /

Quantum Meruit.

### E. Fraudulent or Intentional Misrepresentation

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

In the present case, Plaintiff asserts that Defendant, during the course of his association with Plaintiff, "made false representations to Plaintiff in order to avoid compliance with his obligations under the Agreement." (Compl. ¶ 74.) Specifically, Plaintiff alleges that Defendant repeatedly told Plaintiff that Simpson had not provided any payment for the fees and costs associated with the joint representation of Simpson in the Case. (Compl. ¶ 75.) Plaintiff further alleges that Defendant made such statements knowing that Simpson actually paid Defendant. (Compl. ¶ 76.) Additionally, Plaintiff alleges that Defendant made such false and misleading statements to prevent Plaintiff from being compensated pursuant to the terms of the Agreement. (Compl. ¶ 78.) Thus, Plaintiff has satisfied Rule 9(b); his Complaint "include[s] allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Therefore, the Court denies Defendant's Motion to Dismiss as to this Plaintiff's cause of action for Fraudulent or Intentional Misrepresentation.

### F. Constructive Fraud

Constructive fraud is the breach of some legal or equitable duty, which, irrespective of

moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence. *Long v. Towne*, 639 P.2d 528, 529-30 (Nev. 1982) (citation omitted).  Constructive fraud is characterized by a breach of duty arising out of a fiduciary or confidential relationship. *Id.* at 530 (citation omitted).  A confidential or fiduciary relationship exists when one "reposes a special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Id.* (citation omitted).

        Plaintiff asserts that Defendant owed a legal or equitable duty to Plaintiff arising from a fiduciary or confidential relationship, which Defendant breached by misrepresenting and concealing material facts. (Compl. ¶ 85.)  Particularly, Plaintiff alleges Defendant repeatedly stated to Plaintiff that he had not been paid by Simpson and/or his representatives for the fees and costs associated with the joint representation of Simpson. (Compl. ¶ 86.)  In addition, Plaintiff alleges that Defendant concealed from Plaintiff that he had, in fact, been paid large sums of money by Simpson for the fees and costs associated with the joint representation. (Compl. ¶ 87.)  These allegations are insufficient to plead the plausible existence of a fiduciary or confidential relationship between Plaintiff and Defendant.  Accordingly, Defendant's Motion to Dismiss this cause of action is GRANTED and Plaintiff's Seventh Cause of Action for Constructive Fraud is DISMISSED.

### IV. <u>CONCLUSION</u>

        **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 16) is hereby **GRANTED in part** and **DENIED in part**.

        **IT IS FURTHER ORDERED** that, if Plaintiff can cure the defects identified in this Order, Plaintiff shall file his amended complaint by **<u>Friday, October 4, 2013</u>**.  Failure to file an amended complaint by that date will result in **DISMISSAL** of Plaintiff's Cause of Action for Tortious Breach of the Covenant of Good Faith and Fair Dealing and Plaintiff's Cause of

Action for Constructive Fraud, **with prejudice**.

**DATED** this 4th day of October, 2013.

**NUNC PRO TUNC DATE:** September 20, 2013.

_____
Gloria M. Navarro
United States District Judge