1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9
10

GABRIEL L. GRASSO, ESQUIRE, et al.,        )
                                           )
11              Plaintiff(s),              )        Case No. 2:12-cv-00738-GMN-NJK
                                           )
12   vs.                                   )        ORDER DENYING MOTION TO
                                           )        COMPEL AND MOTION FOR
13   YALE L. GALANTER, ESQUIRE, et al.,    )        SANCTIONS
                                           )
14              Defendant(s).              )        (Docket Nos. 44, 45)
                                           )
15   _____)

16          Pending before the Court is Defendant Yale Galanter's ("Defendant") Motion to Compel,

17   filed on January 23, 2014.  Docket No. 44.  Defendant also filed a motion for sanctions.  Docket No.

18   45.  For the reasons discussed below, both motions are hereby **DENIED** without prejudice.

19          The Court's initial inquiry regarding a motion to compel is whether the movant made

20   adequate meet and confer efforts.  Federal Rule of Civil Procedure 37(a)(1) requires that a motion to

21   compel discovery "must include a certification that the movant has in good faith conferred or

22   attempted to confer" with the nonresponsive party.  Similarly, Local Rule 26-7(b) provides that

23   "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto

24   certifying that, after personal consultation and sincere effort to do so, the parties have not been able

25   to resolve the matter without Court action."

26          The case law in this District is clear that "personal consultation" means the movant must

27   "personally engage in two-way communication with the nonresponding party to meaningfully

28   discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."

*ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996).  This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes."  *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The pending motion provides a "Local Rule 26-7 Certification" that, "[a]fter attempts to contact Plaintiffs [sic] counsel as of the date of this filing there has been no response in defendants [sic] sincere effort to resolve the above listed discovery disputes without court action."  *See* Docket No. 44 at 7.  The motion then cites to Exhibit 5, which is an email informing opposing counsel that the motion to compel had already been filed.  *See* Docket No. 44, Exh. 5.  An after-the-fact email asserting that a discovery motion has already been filed is clearly insufficient to meet the standards outlined above.  Moreover, while Defendant asserts that Plaintiffs' counsel has not responded to the request to meet and confer, he provides no details whatsoever regarding that assertion.  Without any further details about Defendant's apparent attempts to conduct the meet and confer, this bare assertion is also insufficient to establish that the motion is properly before the Court.  Accordingly, the motion to compel (Docket No. 44) is **DENIED** without prejudice.

//

//

//

//

2

Defendant also seeks sanctions.  *See* Docket No. 45 at 7.  Because the Court denies the motion to compel, the motion for sanctions (Docket No. 45) is also **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: January 24, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge