1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

GABRIEL L. GRASSO, ESQUIRE, et al.,      )
                                         )
                  Plaintiff(s),          )        Case No. 2:12-cv-00738-GMN-NJK
                                         )
vs.                                      )        ORDER DENYING SUPPLEMENT
                                         )        TO MOTION TO COMPEL
YALE L. GALANTER, ESQUIRE, et al.,       )
                                         )
                  Defendant(s).          )        (Docket No. 51)
_____  )

Pending before the Court is Defendant Yale Galanter's ("Defendant") "Supplement" to his Motion to Compel, filed on January 27, 2014. Docket No. 51. For the reasons discussed below, both motions are hereby **DENIED** without prejudice.

As an threshold issue, the Court already denied Defendant's previous motion to compel. To the extent Defendant sought further relief from the Court, he was required to file a motion rather than a "supplement." *See, e.g.*, Local Rule 7-2(a). As such, the "supplement" is not proper.

Moreover, the "supplement" continues to suffer from the same defect previously identified by the Court in denying the motion to compel. The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the nonresponsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so,

1    the parties have not been able to resolve the matter without Court action."

2         The case law in this District is clear that "personal consultation" means the movant must
3    "personally engage in two-way communication with the nonresponding party to meaningfully
4    discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."
5    *ShuffleMaster, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171-72 (D. Nev. 1996).  This
6    obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at
7    least narrow and focus matters in controversy before judicial resolution is sought."  *Nevada Power*
8    *v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the
9    informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial
10   review of discovery disputes."  *Id*.  This is done when the parties "present to each other the merits of
11   their respective positions with the same candor, specificity, and support during the informal
12   negotiations as during the briefing of discovery motions." *Id*.  "Only after all the cards have been
13   laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its
14   position in light of all available information, can there be a 'sincere effort' to resolve the matter."
15   *Id*. To ensure that parties comply with these requirements, movants must file certifications that
16   "accurately and specifically convey to the court who, where, how, and when the respective parties
17   attempted to personally resolve the discovery dispute."  *ShuffleMaster*, 170 F.R.D. at 170.

18        The supplement provides only a description of emails to opposing counsel, which are not
19   sufficient to satisfy the "personal consultation" requirement.  *See ShuffleMaster*, 170 F.R.D. at 172
20   (exchange of letters does not satisfy meet and confer requirements).  As such, the "supplement" is
21   hereby **DENIED**.  It is further **ORDERED** that Defendant shall contact Plaintiff's counsel by
22   telephone on January 31, 2014, during regular business hours, to schedule a personal consultation.
23   Plaintiff's counsel shall be prepared with no fewer than three times for that meet and confer to be
24   conducted prior to February 7, 2014.

25        IT IS SO ORDERED.

26        DATED: January 28, 2014

27        _____
          NANCY J. KOPPE
28        United States Magistrate Judge