# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL L. GRASSO, ESQUIRE, et al., | |
| Plaintiff(s), | Case No. 2:12-cv-00738-GMN-NJK |
| vs. | ORDER DENYING MOTION TO QUASH |
| YALE L. GALANTER, ESQUIRE, et al., | |
| Defendant(s). | (Docket No. 59) |

Pending before the Court is a motion to quash brought by Third-Parties Patricia Palm, Thomas Pitaro, and Osvaldo Fumo, pursuant to Federal Rules of Civil Procedure 26 and 45. Docket No. 59. For the reasons discussed below, the motion is hereby **DENIED** without prejudice.

The Court's initial inquiry regarding a discovery motion is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 26(c)(1) requires that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer" with the affected party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."

*ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996).  This obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

       The pending motion provides no certification of a good faith attempt to meet and confer.  Accordingly, the motion to quash (Docket No. 59) is **DENIED** without prejudice.[1]

       IT IS SO ORDERED.

       DATED: May 22, 2014

                                        _____
                                        NANCY J. KOPPE
                                        United States Magistrate Judge

---

[1] Buried in the attached declaration is a statement indicating that the pending motion must be resolved no later than May 23, 2014, which is the deadline to produce documents.  *See* Marcello Decl. ¶¶ 1, 2.  To the extent emergency relief is requested, the movants must comply with the requirements of Local Rule 26-7(c), including filing the motion with the caption of "Emergency Motion" which was not done in this case.  Even where emergency relief is requested, the meet and confer requirements continue to apply.  *See, e.g.*, *F.D.I.C. v. 26 Flamingo, LLC*, 2013 U.S. Dist. Lexis 81932, *8 (D. Nev. June 10, 2013) ("The fact that a discovery motion is filed shortly before a discovery deadline does not excuse the movant from sufficiently meeting and conferring.")